443 F.2d 347
 Carol B. PRICE, as Executrix of the Estate of Clay W. Moody,
Deceased, Plaintiff-Appellant,
v.
Elliott L. RICHARDSON, Secretary of Health, Education and
Welfare, Defendant-Appellee.
No. 71-1024 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 26, 1971.
 
 Walter Henley, Northport, Ala., for plaintiff-appellant.
 Wayman G. Sherrer, U.S. Atty., J. Richmond Pearson, Asst. U.S. Atty., Birmingham, Ala., Morton Hollander, J. F. Bishop, Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D.C., L. Patrick Gray, III, Asst. Atty. Gen., for defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 From June 1965 to December 1970 Clay Moody owned and operated a small meat processing business while suffering from the devastating and ultimately fatal effects of cancer. His claim for Social Security disability benefits for this period was administratively denied on the grounds that he had been engaged in 'substantial gainful activity' and hence was not disabled within the meaning of 42 U.S.C.A. 423(d)(1). In a suit brought by his executrix the District Court upheld this determination. We affirm.
 
 
 2
 Of course the scope of our review is narrowly limited to the question of whether the disallowance of benefits was supported by substantial evidence. Although the record reveals that the claimant obviously was unable to engage in any sort of even moderately strenuous physical activity, nevertheless he came to work six days a week, supervised his employees, took telephone orders, handled accounts receivable and generally acted as overseer of the business's day-to-day operations. Unlike the disabilities we considered in Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591 and Hayes v. Celebrezze, 5 Cir., 1963, 311 F.2d 648, his condition was not so severe as to preclude for all practical purposes his doing any work at all, and he did in fact contribute significant managerial expertise to the operation of a profit-making enterprise.
 
 
 3
 We therefore conclude that the evidence supports a finding that, although bearing the burden of a terminal illness, the claimant was engaged in substantial gainful activity and hence was not disabled under the law.
 
 
 4
 Affirmed.